COLE, Administrator of JOHN WOOLLEY, Plaintiff in Error,

*vs.*

LIGHTFOOT, Administrator of JOSEPH WOOLLEY, Defendant in Error.

### ERROR TO GRANT CIRCUIT COURT.

The statute allows the creditors of the estate of an intestate six months within which they may present their claims to commissioners appointed by the Court of Probate, for allowance, and the commissioners cannot defeat that right by making an earlier report

Nor can this right be defeated by the commissioners calling or holding their meetings on earlier days than the full six months which the statute allows the creditor.

If the creditor presents his claim to the commissioners for allowance within the six months which the statute allows, and the claim is disallowed, he may then prosecute his common law action upon giving the required notice.

When the claim is founded upon a note, it is not essential that the identical note should be presented to the commissioners.

The creditor must present his "claim" to the commissioners, and produce such proof thereof as he may be able, and if the claim is disallowed, he is not confined to the same evidence in his suit at common law that he presented to the commissioners.

THIS was an action of assumpsit, originally commenced by John Woolley, in his lifetime, against Elizabeth N. Woolley, former administratrix of the estate of Joseph Woolley, deceased, July 31, 1849. The record shows the decease of the plaintiff, and also a change of administration, in due form, as the title of the cause now appears. The declaration contained the common money counts, and also a special count upon a promissory note given by Joseph Woolley to John Woolley or order, for $1,935.80, dated May 1, 1843. The words "or order" appeared to have been interlined, which was explained by the evidence. The defendant pleaded, 1st. General issue; 2d. Statute of limitations; 3d. A special plea. The plaintiff replied to the first plea in the usual form, traversed the second plea and demurred to the third plea. The demurrer was sustained, a trial was had, and the plaintiff obtained judgment for $3,000.

The case was taken to the Supreme Court, and the judgment reversed. The nature and form of the pleadings, together with the adjudication of the court thereon, is fully reported in the 1 *Wisconsin Rep.* 26, and need not be repeated here.

The cause was remanded to the Circuit Court, where an issue was made up, a trial had, which resulted in a verdict and judgment for the defendant.

The bill of exceptions sets out at length the testimony given on the trial, from which it appears that the plaintiff proved the representative character of the plaintiff, the consideration of the note, the making thereof, the signing of the same by Joseph Woolley; that the interlineation was made with his knowledge and consent before signing; also the commission issued by the Court of Probate to Samuel Wilson and O. Cole, dated 29th day of January, 1849, to examine and allow claims against the estate of Joseph Woolley, running six months; and that the commission, with the report of the commissioners, was filed on the 9th day of June, 1849, in the office of the Probate Court, which has the following reference to the presentation of the note to the commissioners.

"John Woolley, claim of note by letter, $2,524.64.

"Amount allowed, $00; amount disallowed, $2,524.64."

This was at a meeting of the commissioners on the 6th day of June, 1849. It was also proved that the plaintiff gave notice in writing of an appeal from the report of the commissioners, disallowing the claim, and that he should prosecute the same at common law, which notice was filed in the probate office, June 9, 1849.

William R. Biddlecome, the attorney of the plaintiff at the time, testified that he presented a true copy of the note to the commissioners at their meeting in June, for allowance, and that soon after, and before the report of the commissioners was filed in the probate office, and more than a month before the expiration of the six months allowed by the commissioners for creditors to bring in and prove their claims, he in person presented the original note upon which the suit was brought, to the commissioners for allowance.

It further appeared in evidence, that the reason why the original note was not in possession of the attorney to be presented

to the commissioners at their meeting in June, 1849, was owing to misinformation given to John Woolley, who resided in Kentucky, in regard to the time of the commissioners' meeting.

The defendant offered no evidence, and before the cause was submitted, withdrew his plea of the statute of limitations.

The questions now presented for adjudication arise out of the instructions of the court below, given and refused, all of which appear in their order in the opinion of the court.

*Geo. W. Lakin*, for the plaintiff in error.

*J. T. Mills*, for the defendant in error.

*By the Court*, SMITH, J. The principal questions presented in this case, arise out of the instructions asked by the plaintiff below and refused, as well as those given to the jury by the court below, to which exceptions were taken, and which were as follows :

After the evidence was submitted, the plaintiff asked the court to instruct the jury as follows :

1. "That if the jury are satisfied from the testimony that the note sued on was presented to the commissioners for their allowance before the expiration of their commission,—that is, within the six months allowed them,—then the finding upon that point should be for the plaintiff."

2. "That John Woolley as a creditor, had a right to the full time of six months from the granting of the commission to present his claim to the commissioners for allowance, and if the note was presented to said commissioners by John Woolley, or his agent or attorney, for him, within the said six months and before the report of the commissioners was made and filed ; and if this is established by the testimony, to the satisfaction of the jury, then the jury should find the issue made as to the presentation of the note, in favor of the plaintiff."

3. "That the testimony of W. R. Biddlecome, to which the note is attached, is legal evidence, and that the same is not to be excluded from the consideration of the jury."

All of which instructions the court refused to give, and instructed the jury as follows :

"That the said testimony, so far as it went to show that the

note sued on was presented to the commissioners at one or either of the regular meetings of said commissioners, mentioned in the special plea of defendant as being on the 14th day of May, 1849, or on the 4th day of June, 1849, was competent and legal evidence to be considered by the jury; and so far as said testimony or deposition went to show that said note was presented to said commissioners *at any other time*, the same was not legal and competent testimony or evidence, and should be, and the same was, excluded from the consideration of the jury."

To this ruling and instruction of the court, the plaintiff by his counsel excepted.

The court likewise charged and instructed the jury as follows:

"There is but one question for the jury to pass upon, that is, whether the identical note sued on was presented to the commissioners at either of the two published meetings described in the special plea of defendant. If the note was presented to the commissioners at either of the two days, to wit: on the 14th day of May, 1849, or on the 4th day of June, 1849, then the verdict should be for the plaintiff. But if the jury find that the identical note was not presented to the commissioners on either of the two days, or at one of the regular meetings described in the plea, or at a regular meeting of the commissioners, then the jury must find for the defendant."

To this instruction and charge of the court, the plaintiff did then and there by his attorney except.

Under these rulings and instructions of the court the jury found a verdict for the defendant, whereupon the court rendered judgment on said verdict in favor of the said defendant, and against the said plaintiff for costs of suit.

The first instruction asked for by the plaintiff below ought to have been given. The statute allows the creditor six months within which he may present his claim to the commissioners for allowance, and the commissioners cannot defeat this right of the creditor, by making an earlier report. *O. R. S. p.* 303, § 31.

The second instruction asked for and refused is substantially like the first, and its proper disposition depends upon the construction of the same provisions of the statute.

The third instruction asked for and refused, as well as the instruction given in relation to the testimony of Biddlecome, rests upon a construction of the same statute. We have already said

that it was not in the power of the commissioners to curtail the right of the creditor by making a report at an earlier day than that fixed by the statute, within which the creditors of an estate might present their claims for allowance. It is equally clear, that they cannot defeat this right by calling their "regular" meetings on earlier days. The statute gives the creditor full six months, and if he presents his claim to the commissioners within the six months, and it is disallowed, he may then commence and prosecute his common law action, upon previously giving the proper notice.

We also think the last instruction given by the judge erroneous. We do not think it was necessary for the creditor to produce to the commissioners the *identical* note on which his suit was brought. The statute requires the creditor to present his *claim*, and such proofs in support of it as he may be able, or advised. It does not prescribe the kind or amount of evidence he shall present to the commissioners. The note itself was undoubtedly the best evidence of the indebtedness, but was not necessarily the only evidence. The *claim* was the amount of money due, and the note was the evidence of the indebtedness. This view of the statute, the nature of the duties of the commissioners, as well as of the rights of creditors, and the character of proofs, is confirmed by section 39 of the same statute, which provides that the commissioners may swear the party to the truth of his claim. We think that it was sufficient for the creditor to state the nature and amount of his claim to the commissioners, and offer such proof as he had. If it is not sufficient, the commissioners may disallow the claim, and then the creditor may proceed to prosecute his action at common law, but he is by no means confined to the same evidence on the trial, as he produced before the commissioners. We think, therefore, that the presentation of the claim to the commissioners, the nature and amount of which was stated, within the time fixed by law, was sufficient, though the proof offered might not have justified its allowance. But the commissioners did act upon the claim, and rejected it, as appears by their report, and then the plaintiff, having given the notice required by law, had saved his right, and could proceed to prosecute his claim at common law, which it would seem was his only adequate remedy.

Judgment reversed, and *venire de novo* awarded.